# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-21588-GAYLES

**UNITED STATES OF AMERICA,**
    Plaintiff,

v.

**1.26 ACRES OF LAND, et al.,**
    Defendants.
_____/

TRACT NO. 416-44
(EAST EVERGLADES)

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

**THIS CAUSE** came before the Court for trial on May 1, 2017, to determine just compensation for the property interests taken. The United States of America presented its case. The Court heard testimony from the government's expert witness, John Underwood. No landowner appeared at the trial. Upon due consideration of the evidence presented at trial and the pleadings on file in this case, the Court hereby makes the following finds of fact and conclusions of law.

## FINDINGS OF FACT

1. The property at issue in this case is a 1.26-acre parcel of land.

2. The property legally constitutes all that certain tract or parcel of land lying in, and being situated in, the County of Miami-Dade, State of Florida, and being more particularly described as follows: Tallahassee Meridian, Section 20, Township 55 South, Range 38 East, West 179.30 feet of East 383.60 feet of S1/2 N1/2 NW1/4 NW1/4 Less South 25 feet, Containing 1.26 acres, more or less.

3. The property is located within Management Area 3B.

4. Management Area 3B is an agricultural expansion area.

5. The property lies south of S.W. 136th Street, between the extensions of S.W. 205th Avenue and S.W. 222nd Avenue, and it has no direct road frontage.

6. On May 4, 2016, the United States filed the Complaint in Condemnation Pursuant to the Declaration of Taking [ECF No. 1].

7. On May 9, 2016, the United States filed the Declaration of Taking [ECF No. 6] and deposited $2,800.00 into the Court's Registry, Clerk's Receipt [ECF No. 8].

8. The $2,800.00 represents the amount of estimated just compensation for the taking of the fee simple title to the property.

9. Pursuant to Schedule "A" to the Complaint in Condemnation and Declaration of Taking, the authority for the taking is as follows:

> The authority for the taking of the land is under and in accordance with the Act of Congress approved August 1, 1888, 25 Stat. 357, as amended, 40 U.S.C., sec. 3113; the Act of May 30, 1934, 48 Stat. 816, as amended, which authorized the establishment of Everglades National Park; the Act of December 13, 1989, 103 Stat. 1946, 16 U.S.C., sec. 410r-5, et seq., which expanded the boundaries of Everglades National Park; and the Land and Water Conservation Fund Act of 1965, 78 Stat. 897, as amended, 16 U.S.C., sec. 460l-4, et seq.; and under the authority of the Department of Interior and Related Agencies Appropriation Act, 2000, as enacted by section 1000 (a) (3) of the Consolidated Appropriations Act, 2000 (Public Law 106-113) and the Department of Interior and Related Agencies Appropriations Act, 2012, as enacted by section 413 of the Consolidated Appropriations Act, 2012 (Public Law 112-74), which Acts appropriated funds for such purpose.

10. On August 29, 2016, The United States effected service by publication, Certification of Publication [ECF No. 12].

11. No landowner has appeared in this case.

12. At trial, the United States presented the testimony of expert appraiser, John

Underwood.

13.    The Court finds Mr. Underwood to be credible and reliable.

14.    The Court adopts Mr. Underwood's determination that the highest and best use of the property is passive recreation.

15.    The Court also accepts the Mr. Underwood's use of the sale comparison approach to valuation.

16.    Pursuant to the sales comparison approach and the comparable sales provided by Mr. Underwood, the Court concludes that the fair market value of the property as of May 9, 2016, is $3,000.00 per acre for a total of $3,800.00 for the 1.26-acre property.

## CONCLUSIONS OF LAW

Title to the property passed to the United States on May 9, 2016, the day the Declaration of Taking was filed and the estimated just compensation was deposited. 40 U.S.C. § 3114(b). The sole issue remaining before the Court at trial is to determine just compensation for the taking. 40 U.S.C. § 3114(c). Just compensation is generally market value of the property taken as of the time of the taking. *United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984).

The burden of proof in determining fair market value rests on the landowner. *United States ex rel. T.V.A. v. Powelson*, 319 U.S. 266, 273 (1943); *United States v. 69.1 Acres of Land*, 942 F.2d 290, 292 (4th Cir. 1991); *United States v. Evans*, 380 F.2d 761 (10th Cir. 1967). Market value is defined as the amount in cash, or on terms reasonably equivalent to cash, for which, in all probability, the property would be sold by a knowledgeable owner willing, but not obligated, to sell to a knowledgeable purchaser, who desires, but is not obligated, to buy. *Id.* Based on the record evidence, including the expert testimony of Mr.

Underwood, the Court concludes that just compensation for the taking in this case, as of the date of taking, May 9, 2016, is $3,800.00.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of May, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE